That brings us to the final case of the morning, United States v. Burnett, Appeal No. 25-21-52, and we'll welcome Mr. Borowiec to the podium. You can correct my pronunciation when you arrive. Thank you, Your Honor. May it please the court. My name is Zachary Borowiec. The W is pronounced like a V. I stand before the court today on behalf of Appellant Marvelous Burnett. Mr. Burnett appeals to this court based on his point that the district court, in this case, committed procedural error when it issued an above-guideline sentence of 162 months. This was a 41-month increase over the applicable guideline range. Mr. Burnett also contends that the sentence issued in this case was substantively unreasonable for the court's failure to adequately explain the sentence here. The 41-month increase that I had referenced earlier is important in this case because it represents a 33% deviation from the high end of the effective guideline range. That effective guideline range here was 120 to 120 months due to a 10-year mandatory minimum on two of the counts in which he pled guilty to. The court has previously held that when district courts deviate over 30%, it is considered a substantial increase in the issued sentence, and because it is so substantial, the court must provide a compelling reason for the variance. The court's reasoning in this case focuses not just primarily, but it seems wholly, on Mr. Burnett's previous criminal history. That criminal history, yes, it did span some time, but the way it works out is that Mr. Burnett had three prior state cases between 1997 and 2002, and then in 2008 he had a federal prior for distribution of a controlled substance. That federal prior, for purposes of the guideline analysis and the preparation of the pre-sentence investigation report, was the only prior to receive any criminal history points in this case. But when the district court did its analysis and provided its reasoning for issuing the substantially higher sentence, the transcript from the sentencing hearing really only spans about three to two and a half pages, somewhere in that area. The court spent a great majority of that time talking about the defendant's criminal history and matters tangential to it. There were maybe a few lines that discussed minimal mitigation, and even briefer, I would say, reference to the instant offense, only really referencing that this case involved selling cocaine and that Mr. Burnett received money for it. So when a court examines or prepares a sentence in light of only criminal history, it needs to show how this defendant and the sentence that it created was different from other defendants who didn't have criminal histories, right? So what the court didn't do was examine sort of the case at hand. It didn't provide anything in the instant facts that would have been aggravating or anything that would have provided additional information to substantiate such a sentence. It focused primarily on the defendant's criminal history points, or excuse me, the defendant's criminal history. And when the court did that, it sort of challenged the knowledge of the sentencing commission itself, right? Because the sentencing guidelines, they come up with an analysis, they look at the relevant conduct, they look at the defendant's criminal history, there's reference to some personal matters that maybe the defendant was going through, and it comes to this conclusion, the sentencing guideline range. In this case, the judge sort of went above and beyond just by talking about matters that were already contained within that analysis without going through anything else that would be specific to justify the higher sentence or anything that would make him stand out versus other defendants with criminal history like this. So when moving forward then to claim because the court did not justify its sentence, the sentence here was substantially unreasonable. The court did not take into account really the 3553A factors beyond the promoting respect for the law and protecting the public. It didn't really get into the mitigation brought up by the defense via sentencing memo or allocution at the sentencing hearing itself that included letters provided by the defendant's employer, his family, his pastor, talking about he's an integral part of the community, he means a lot to his family, he's a good worker. The district court went back and tried to emphasize violations that Mr. Burnett had while he was incarcerated, but a lot of those violations had to do with something more than 15 years ago when Mr. Burnett was a teenager and in his 20s, he was 45 at the time of sentencing. And it also tried to emphasize the fact that over basically 11 years that Mr. Burnett had served with the BOP that he received two infractions and two infractions over an 11 year period does not seem like very much at all. So again, primarily and only focusing on Mr. Burnett's criminal history, the district court sort of did not do any of the extra steps to try to explain what made him specifically different from anybody else in this situation. And again, it sort of challenged the sentencing commission and the purpose of the guidelines, which already took into account things like criminal history, relevant conduct. And so with that, Your Honor, I've seen I've gone over my time. If the court doesn't have any questions, I'll reserve my time for rebuttal. Thank you, Mr. Baroviak. Thank you, Your Honor. Mr. Carraway. Thank you, Your Honor, and I think I have a couple more minutes while I can still say good morning. Your Honor, it's counsel. May it please the court, Daniel Carraway on behalf of the United States. Your Honor, after the district court gave a detailed justification of its rationale in this case, it imposed a sentence 41 months above the correctly calculated guideline range. This modest variance above the guidelines for an individual that had multiple prior convictions, including a federal drug trafficking conviction for which he was serving a term of supervised release on the instant offenses, was also substantively reasonable, not an abuse of discretion. Your Honor, I see appellant's argument on the procedural error kind of twofold. He talks about the degree of the explanation, and then there's this somewhat of a both procedural and substantive argument he makes on the court's consideration of criminal history that didn't receive criminal history points as being an error. And I would suggest to the court that neither one of those arguments warrants any type of remand in this case. Your Honor, the district court adequately explained the upward variance in this case. As you can see from the transcript, the district court reviewed pages of 3553A factors, talked about the defendant's lifelong failure to comply with the law, that he made a conscious choice to engage in drug trafficking despite having an education, despite having employment. The court described lengthy sentences that he had received in the past to include a 151-month prior federal sentence, noted that it had no deterrent effect on Mr. Burnett, discussed in conjunction with that criminal history a lifelong pattern of recidivism that required a need to protect the public with significant incarceration. The court went through the previous drug convictions, robbery convictions, DUIs, the federal drug trafficking conviction, and stated to the defendant that even though he wasn't classified as a career offender under the guidelines, he had made a career out of criminal activity. The court continued to talk about the basis of its variance above the guidelines. It noted repeated recidivism immediately after release, that being while on state probation, state parole, or supervised release for drug trafficking. As the prosecutor argued in this case and the court highlighted at the district court level, approximately 10 of the 17 counts of this indictment were committed while the appellant was on supervised release for a previous federal drug trafficking offense. The court highlighted the financial motive of this case, the fact that the defendant, the appellant in this case, was motivated by, quote, pure greed, noting he had stable employment, he had multiple employments, and then it also discussed, as the appellant noted today, institutional misconduct while the appellant was previously incarcerated, both in the Illinois Department of Correction and the Federal Bureau of Prisons. Your Honor, the government has distinguished the three cases cited by appellant in which this court has remanded variances above the guidelines for procedural error, that being Lockwood, Higdon, and Castro-Juarez. Quite simply, that's a different landscape of the case that's before you today. Lockwood, Higdon, and Castro-Juarez involved variances that were at the low end two times above the high end of the guidelines and at the high end three times the guidelines. Is that what really distinguishes them? Doesn't the law require an adequate explanation no matter the length of the variance? I would expect this court to want a very detailed and a lengthier description and analysis of the 3553A factors that would warrant such a high variance. Your Honor, this was about a third over the high end of the guidelines, that being 41 months. But as I've noted, there was no procedural error. The court gave multiple bases for its variance above the guideline to include the appellant's lifelong failure to comply with the law, his criminal history, the financial motivation for committing the drug trafficking offenses, the fact that he was on supervised release, and the institutional misconduct during previous incarceration. Your Honor, there's also this, I guess, kind of this bridge issue about the court considering criminal history that didn't receive points. As I noted, the court and even the appellant in his allocution to the court, the appellant described his criminal history as bad. He was blunt about it. The court reiterated that statement to the appellant when he was analyzing the 3553A factors. Certainly, Mr. Burnett has an extensive criminal history that dates back to the early or to the late 90s. This idea that the court cannot consider criminal history that doesn't receive points is contrary to this court's precedent. This court has said in Gates and in Creek that a court under 3553A factors can consider unscored or criminal convictions that do not receive criminal history points. That's what this court did. Judge Gilbert specifically told the appellant that although he has made a career of criminal activity, the guidelines don't classify him as a career offender. Certainly, Your Honors, full consideration of Mr. Burnett's criminal history under 3553A was appropriate. It seems to me that it wasn't just that he had been convicted of those crimes. It was that what happened after one of those crimes, he spent a significant amount of time in prison. And then as soon as he got out, he was on supervised release and then started violating supervised release. Yes, Your Honor. The district court made it very clear that it considered appellant's almost immediate recidivism as an aggravating factor in this case. It wasn't just in the instant case. There were, as cited in the PSR and in our brief, there were multiple times when the defendant was released from custody, even in state custody, that he violated terms of his parole. I believe his initial conviction at age 18, he was provided the opportunity for probation. He violated that probation by committing new criminal offenses. And Judge Gilbert highlighted the fact that from about 18 years old to 45 years old, it wasn't the fact that he was just committing criminal offenses, but it was that immediate recidivism. Most notably and temporally, most recently, was his release from the Federal Bureau of Prisons, his entry onto supervised release, and the commission of 10 of the 17 counts of the indictment while he was on federal supervised release. That's a proper consideration for the court to consider, as this court said in Hayden. As noted in our brief, and just to address the issue with Sims, appellant argued in Sims, this court remanded on a supervised release issue. Sims was a much different procedural issue than this case. That involved the imposition of a consecutive sentence on a supervised release matter, one that's not present here. Mr. Burnett's supervised release was terminated prior to indictment and sentencing. In this case, there was no petition to revoke his supervised release. There was no sentence for that. He was just sentenced on the indictment. Your Honor, unless the court has any additional questions, we'd submit to the court that the district court committed no procedural error. And for all of those reasons, the sentence was substantially reasonable based on the 3553A factors, and we'd ask this court to affirm the sentence. All right. Thank you, Mr. Fairway. Mr. Baroviak, you have some minutes on rebuttal. Thank you, Your Honor. Should we please the court? You know, I think counsel started off by saying, you know, this was a modest variance. And I think the law is clear, at least when examining the Castillo case, that this wasn't a modest variance. It was over that 30 percent threshold, which, you know, the court picked out a number there and 30 percent was it, right? And so in light of that, you know, there has to be some sort of greater justification that the court provides. And I understand that, you know, the government came up here and explained that the court went through the appellant's criminal history and used that to justify its sentence, but that's sort of all it used in this situation. There's no sort of reference to, you know, what makes this defendant separate or different from any other defendant with criminal history. We're not saying that the court can't use criminal history when crafting a sentence, but I think when you do something that's this substantial, you have to have further explanation. And again, there's little to no conversation about the instant case itself. There's little to no conversation about any sort of the mitigation that was brought up, the fact that the guidelines were driven strongly by Mr. Burnett's admissions to agents. And so, yes, criminal history is one factor that the court can consider, but it's not the only factor when trying to get to that greater justification that is required here. And I know, you know, counsel for the government also talked about a few cases where the court did remand for sentencing, and those numbers admittedly were larger, but it doesn't change the fact that the process, the analysis is still the same. So, you know, the court has to go through and determine sort of what, how to not only just use that criminal history, but look at the other 3255 factors in light of it, such as, you know, the history of the defendant, the characteristics of the case. And it just didn't do that in this situation. It looked at defendant's criminal history, went into basically that one area and stayed there, didn't review any other parts of the case. I see my time is up. If the court has no questions, I'll finish. Thank you. All right. Thank you to both parties. We will take this case under advisement, and the court stands in recess.